USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONG QI MING,

                Petitioner,     :      09 Civ.  00745 (RJS) (DF)

    -against-              :      **REPORT AND**
                                              **RECOMMENDATION**

UNITED STATES OF AMERICA,

                Respondent.   :
------------------------------------------------------------X

**TO THE HONORABLE RICHARD J. SULLIVAN, U.S.D.J.:**

     *Pro se* petitioner Dong Qi Ming ("Petitioner"), having pleaded guilty in this Court to

federal offenses and, in connection with his plea, having expressly waived his rights to both

direct appeal and collateral review of his conviction and sentence, now seeks to have his

sentence modified pursuant to a writ of error coram nobis or audita querela, pursuant to

28 U.S.C. § 1651.  As neither of these extraordinary writs are available to Petitioner,

I recommend that his Petition be denied.

## BACKGROUND

### A.    Petitioner's Guilty Plea and Sentence

Petitioner was convicted in this Court, upon his guilty plea, of three crimes:

     (1)      conspiring to murder H.Y.T.,[1] as consideration for the
              receipt of, or as consideration for a promise or agreement
              to pay, anything of pecuniary value from an enterprise
              engaged in racketeering activity, or for the purpose of
              gaining entrance to or maintaining or increasing position in
              an enterprise engaged in racketeering activity, in violation
              of 18 U.S.C. § 1959(a)(5) ("Count One");

---

    [1] The Court has abbreviated the names of the victims of Petitioner's crimes, to protect
their identities.

      (2)     conspiring to murder J.A.Q., as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity in violation of 18 U.S.C. § 1959(a)(5) ("Count Two"); and

      (3)     using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Three").

(*See* Letter to the Court from Aimee Hector, A.U.S.A., dated Apr. 22, 2009 ("Hector Ltr.")

(Dkt. 37 in 00 Cr. 694[2]), Ex. B (Transcript of plea allocution, dated Dec. 6, 2000).)

Petitioner pleaded guilty to these crimes on December 6, 2000, before the Honorable Michael B. Mukasey, U.S.D.J., pursuant to a plea agreement signed by Petitioner on that date. (*See* Hector Ltr., Ex. A (Letter to Howard Leader, Esq., from Mary Jo White, U.S. Attorney, dated Nov. 30, 2000, countersigned by Petitioner on Dec. 6, 2000).) The plea agreement contained the following stipulation regarding the parties' calculation of a sentence in Petitioner's case, under the federal Sentencing Guidelines:

> . . . [T]he defendant's calculated Sentencing Guidelines range is life. . . . Under § 5G1.2(d) [of the Sentencing Guidelines], because the sentence imposed on Count One would be less than the total punishment, the sentences on Count One and Count Two shall run consecutively, to the statutory maximum of ten years on each count. Under § 5G1.2(a), the five-year mandatory sentence on Count Three shall be imposed to run consecutively to any other sentence. As a result, the defendant's stipulated Sentencing Guidelines range is 300 months.

---

[2] Although this is a civil proceeding, virtually all of the submissions made by the parties in connection with this proceeding have been docketed by the Clerk of the Court in Petitioner's criminal case, No. 00 Cr. 694 (MBM).

(*Id.*, at 4.) Petitioner expressly agreed that no downward departure from this stipulated Sentencing Guidelines range would be warranted, and he agreed that he would not seek such a departure or any other adjustment not set forth in the plea agreement. (*Id.*, at 4-5.)

Further, under the plea agreement, Petitioner agreed that he would "neither appeal, nor otherwise litigate under 28 U.S.C. § 2255, any sentence within or below the stipulated Sentencing Guidelines range set forth above." (*Id.*, at 5.) Petitioner agreed that this provision would be binding on him, even if the Court were to employ a Guidelines analysis different from the one stated in the plea agreement. (*Id.*, at 6.) Petitioner also agreed that any appeal of his sentence that was not foreclosed by this provision would "be limited to that portion of the sentencing calculation that [wa]s inconsistent with (or not addressed by)" the parties' stipulation. (*Id.*)

During the plea allocution conducted by the Court, the Court confirmed with Petitioner, through a Foochow (Fuzhou) interpreter, that he had reviewed the plea agreement with his counsel and an interpreter, that Petitioner was satisfied that he understood the agreement before he signed it, and that he had entered into the agreement voluntarily. (Hector Ltr., Ex. B, at 12.) The Court also explained Petitioner's likely sentence, as follows:

> THE COURT:   Do you understand . . . that this case is governed by what are called sentencing guidelines, which means that there is a certain required three-prong term of imprisonment that applies to certain crimes, that the guidelines in this case are greater than the maximum penalty for the crime for which you are offering to plead guilty. The practical effect of that is that I will be required to sentence you to a consecutive term on each of the courts.
>
> I will be required to sentence you to ten years on Count 1, plus ten years on Count 2, plus five years on Count 3, for a total of 25 years' imprisonment,

3

> plus any financial penalty that I assess, but I am going to be in all likelihood required to sentence you to 25 years.
>
> Do you understand that?

THE DEFENDANT: I understand.

(*Id.*, at 10.)

Finally, the Court confirmed that Petitioner understood that, under the plea agreement, he was giving up his right to appeal and that he wished to do so:

> THE COURT:   Mr. Dong, one of the things that you agreed to in the plea agreement that we discussed a few minutes ago is not to appeal if your sentence is what we have discussed, which is 25 years plus supervised release, and any financial penalties. Do you understand you gave up the right to appeal when you signed that agreement?

THE DEFENDANT: Yes, that's right.

> THE COURT:   You wish this plea to go ahead anyway, that is, to continue to have your plea be guilty as we just discussed?

THE DEFENDANT: That's right.

(*Id.*, at 17-18.)

On March 23, 2001, the Court (Mukasey, J.) sentenced Petitioner to a term of imprisonment of 120 months on each of the first two counts against him, and 60 months on the third count, stating that "[e]ach of those could be be served consecutively for a total of 300 months." (Hector Ltr., Ex. C (Transcript of sentencing proceedings, dated Mar. 23, 2001), at 4.) Petitioner is currently incarcerated at the Federal Correctional Institution, Fort Dix, New Jersey.

**B.**   **The Instant Petition**

On or about December 19, 2008, Petitioner filed in this Court a "Petition for Writ of Audita Querela and/or Error Cor[a]m Nobis Pursuant to [the All Writs Act,] 28 U.S.C. § 1651." (Dkt. 1, in 09 Civ. 745 ("Pet.").[3])  In his Petition, Petitioner argues that, subsequent to the date of his conviction and sentencing, the Court of Appeals for the Second Circuit issued an opinion "clarif[ying]," at least by analogy, that this Court was not required to run his five-year sentence for the weapons count (18 U.S.C. § 924(c)) consecutively to his other sentences.  (*See id.* (citing *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008) and 540 F.3d 89 (2d Cir. 2008)).) Petitioner contends that, in his particular circumstances, he is entitled to relief on either of the two writs he seeks, converting his 300-month sentence to a sentence of 240 months.

On April 22, 2009, Respondent submitted a letter in opposition to the Petition, setting out the factual and procedural background of this matter, arguing that Petitioner had waived his right to challenge his sentence, that the writs he seeks are therefore not available to him, and that his substantive claim for relief is, in any event, without merit.  (*See generally* Hector Ltr.)

Petitioner submitted a reply on or about May 17, 2009 (Petitioner(s) Response to the Governments Letter in Opposition to Petitioner(s) Petition for Write of Audita ("Pet. Resp.") (Dkt. 32, in 00 Cr. 694)), reiterating and further explaining his initial arguments as to why he

---

[3] Although the Court's docket reflects a filing date of January 27, 2009 for the Petition (Dkt. 1), a *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In the absence of evidence to the contrary, the Court will ordinarily deem a prisoner's petition to have been filed on the date reflected on the petition itself. *See, e.g., Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000).  Here, the Petition is undated, but Petitioner's annexed Certificate of Service is dated December 20, 2008.  (*See* Dkt. 1.)  The Petition, however, also bears a stamp indicating that it was received by the Court's *Pro Se* Office on December 19, 2008.  While this Court cannot reconcile this discrepancy based on the limited information before it, the discrepancy is not material to the resolution of Petitioner's claims.

should be entitled to the relief sought (*see id.*). In addition, on or about July 19, 2009, Petitioner submitted a sur-reply (Motion To Submit Supplemental Authority ("Pet. Supp.") (Dkt. 33, in 00 Cr. 694)), bringing to the Court's attention another Second Circuit decision that, in Petitioner's view, supports his substantive claim.

## DISCUSSION

### I.  PETITIONER'S APPLICATION FOR A WRIT OF CORAM NOBIS

"[F]ederal courts are authorized to grant the ancient common law writ of error coram nobis under the terms of the All Writs Act, 28 U.S.C. § 1651(a)." *Fleming v. United States*, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam). Coram nobis, however, "is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Id.* at 89-90. In order to obtain coram nobis relief, "a petitioner must demonstrate that '1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Id.* at 90 (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996)).

Here, Petitioner has not satisfied – and cannot satisfy – his burden of establishing entitlement to a writ of coram nobis. It is this Court's understanding that Petitioner is currently incarcerated and that he has been incarcerated at all times since March 23, 2001, the date on which he was sentenced by the Court. As Petitioner has not shown that he is "no longer in custody," the writ is unavailable to him. *See Fleming*, 146 F.3d at 89-90; *United States v. Henry*, No. 99-1406, 2000 U.S. App. LEXIS 1872, at *3 (2d Cir. Feb. 8, 2000) ("[Defendant-Appellant]

is still serving his 151-month sentence for the challenged conviction. Therefore, on the face of the petition, he is barred from seeking coram nobis relief."); *United States v. Ramirez*, No. 98 Crim. 927, 2011 U.S. Dist. LEXIS 150191, at *7 (S.D.N.Y. Dec. 21, 2011) ("With respect to his request for a writ of coram nobis, [defendant] has not satisfied his burden establishing that the writ should be issued. First, [defendant's] request is procedurally barred because he is still in custody." (citing *Fleming*, 146 F.3d at 89-90; *Henry*, 2000 U.S. App. LEXIS 1872, at *3)), *reconsideration denied*, 2012 U.S. Dist. LEXIS 30620 (Mar. 6, 2012); *United States v. Sanchez*, No. 03 Cr. 965 (SHS), 2010 U.S. Dist. LEXIS 135453, at *5 (S.D.N.Y. Dec. 22, 2010) ("Coram nobis relief is simply not warranted here. Most importantly, because Sanchez is still in custody, the writ is unavailable to him." (citing *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005); *Fleming*, 146 F.3d at 90)); *see also United States v. Hatten*, 167 F.3d 884, 887, n.6 (5th Cir. 1999) (noting that a defendant's motion could not be treated as a writ of coram nobis where he was in custody when the motion was filed).

As Petitioner has no procedural right to seek a writ of error coram nobis, the Court need not reach the remainder of the parties' arguments regarding Petitioner's claimed entitlement to this writ.

## II.   PETITIONER'S ALTERNATIVE APPLICATION FOR A WRIT OF AUDITA QUERELA

"Though formally abolished in civil cases, *see* Fed. R. Civ. P. 60(b), the writ[] of . . . audita querela remain[s] available in very limited circumstances with respect to criminal convictions." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995) (citations omitted). "Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable

7

pursuant to another post-conviction remedy." *Id.* "[T]he writ also 'might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both [28 U.S.C.] § 2255 and § 2244 – if, for example, an actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255.'" *United States v. Collins*, 373 Fed. Appx. 94, 94 (2d Cir. 2010)) (summary order) (denying writ of audita querela because petitioner had other avenues of review and failure to undertake collateral review raised no constitutional questions about the validity of the post-conviction structure) (quoting *Triestman v. United States*, 124 F.3d 361, 380 n.24 (2d Cir. 1997)).

This case does not present the type of extraordinary situation in which audita querela relief would be appropriate. As a threshold matter, Petitioner does not actually argue that a legal objection to his sentence only became available to him after the sentence was imposed; rather, Petitioner merely argues that, after the date of his sentence, the Second Circuit "clarified" the meaning of certain statutory language. (*See* Pet., at 1.) Moreover, Petitioner has raised no claim of actual innocence, or any other compelling circumstance that could call into question the validity of the federal post-conviction remedial scheme, as applied in his case.

Most importantly, at the time of his plea, Petitioner "had available to him a statutory post-conviction remedy under § 2255, which he knowingly and voluntarily waived in his plea agreement." *Rivera v. United States*, Nos. 98 Civ. 5377 (PKL) and 98 Civ. 6397 (PKL), 1999 U.S. Dist. LEXIS 11993, at *12 (S.D.N.Y. Aug. 5, 1999). As this Court has repeatedly held, once a petitioner waives his right to challenge his sentence under Section 2255,[4] he may not then

---

[4] In relevant part, 28 U.S.C. § 2255(a) provides that a federal prisoner may move under that section to vacate, set aside, or correct his sentence, if it "was in excess of the maximum authorized by law."

seek to circumvent that waiver by claiming that a statutory remedy is "unavailable" to him. *Id.*
(holding that knowing and voluntary waiver of post-conviction remedy pursuant to Section 2255
prevented resort to writ of audita querela); *see also Ramirez,* 2012 U.S. Dist. LEXIS 30620, at
*7-9 (holding that the fact that petitioner had waived his right to appeal and to collaterally attack
his conviction under 28 U.S.C. § 2255, barring him from pursuing such remedies, did "not
validate his present request for a writ of audita querela," as petitioner's claim could have been
brought in a Section 2255 motion, but for his voluntary waiver); *United States v. Sanchez*, No.
03 Cr. 965 (SHS), 2010 U.S. Dist. LEXIS 135453, at *5-8 (S.D.N.Y. Dec. 22, 2010) (finding
that neither the writ of error coram nobis nor audita querela was available to petitioner, where
petitioner had, *inter alia,* "validly waived his right to collaterally attack his sentence").

 Furthermore, even if the Court were to accept that no other avenue of relief – aside from
an extraordinary writ invoked under 28 U.S.C. § 1651 – is now available to Petitioner, his claim
for audita querela relief should be denied as substantively meritless.  Petitioner's entire argument
regarding the supposed illegality of his sentence is based on the decision of the Second Circuit in
*Whitley*, in which the court construed the meaning of the so-called "except" clause contained in
18 U.S.C. § 924(c).  *See generally Whitley*, 529 F.3d 150.  This clause provides that "[e]xcept to
the extent that a greater minimum sentence is otherwise provided by this subsection or by any
other provision of law," a defendant convicted of using or carrying a firearm during and in
relation to a crime of violence, or of possessing a firearm in furtherance of any such crime, shall
be sentenced to an additional term of imprisonment – of a minimum of five years, or seven years
if the firearm was brandished, or 10 years if the firearm was discharged, 18 U.S.C.
§ 924(c)(1)(A), which must run consecutively to any other term of imprisonment imposed,
including for the underlying crime of violence, 18 U.S.C. § 924(c)(1)(D)(ii).  In *Whitley*, the

9

defendant was sentenced to concurrent terms of imprisonment for a Hobbs Act robbery (under

18 U.S.C. § 1951), and a career criminal firearms possession violation (under 18 U.S.C.

§§ 922(g)(1) and 924(e)), plus a consecutive mandatory minimum term of 10 years for

discharging a firearm, pursuant to Section 924(c). 529 F.3d at 151. The court held that, under

the literal meaning of the "except" clause quoted above, the consecutive minimum 10-year

sentence under Section 924(c) was inapplicable to the defendant because he was subject to a

higher minimum sentence (of 15 years) for the career criminal firearms charge. *Id.*; *see also id.*

at 158 ("Read literally, as we believe the 'except' clause of subsection 924(c)(1)(A) should be,

the clause exempts Whitley from the consecutive ten-year minimum sentence for discharging a

firearm because he is subject to the higher fifteen-year minimum sentence provided by section

924(e).").

Based on *Whitley* and other Second Circuit cases that followed it, Petitioner appears to

argue that, "by analogy," because he was sentenced to longer sentences for other crimes, he,

similarly, should have been exempt from the mandatory five-year consecutive sentence imposed

on him under Section 924(c). (*See* Pet., at 1-2, 4; *see also* Pet. Resp. 4-7 (citing, *inter alia*,

*Whitley* and *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009)[5]); Pet. Supp.) Petitioner,

however, is doubly wrong in his argument, both because the result he seeks would not have been

required by any reading of the Second Circuit precedent he cites and because, since the date of

his Petition, the Supreme Court has, in any event, addressed the meaning of the "except" clause

---

[5] In the *Williams* decision cited by Petitioner, the Second Circuit extended *Whitley* by holding "that the mandatory minimum sentence under Section 924(c)(1)(A) is also inapplicable where the defendant is subject to a longer mandatory minimum for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." 558 F.3d at 168. As noted *infra*, this decision was subsequently vacated by the Supreme Court. *Williams*, 131 S. Ct. 632 (2010).

that Petitioner invokes, and has made plain that this clause can have no applicability to the type of sentence imposed in Petitioner's case.

On the first of these points, as Respondent explains (*see* Hector Ltr., at 6-7), neither of the other crimes for which Petitioner was sentenced, apart from the Section 924(c) charge, carried a mandatory minimum prison sentence. Rather, Petitioner was convicted, upon his guilty plea, of two counts of conspiracy to commit murder, under 18 U.S.C. § 1959(a)(5), convictions which each carried a maximum sentence of 10 years imprisonment, with no required minimum. Hence, there is no reading of the "except" clause of Section 924(c) that could possibly come into play here.

On the second point, in *Abbott v. United States*, 131 S. Ct. 18 (2010), the Supreme Court resolved a circuit split as to the meaning of the Section 924(c) "except" clause, and held that a proper reading of that clause is that "a § 924(c) offender is not subject to stacked sentences for violating § 924(c)," *Abbott*, 131 S. Ct. at 23. In other words, the Court explained that if the offender had "possessed, brandished, and discharged a gun, the mandatory penalty would be 10 years, not 22." *Id.* In sum, the Court ruled that such an offender is "subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." *Id.*; *see also Williams*, 131 S. Ct. 632 (2010) (vacating and remanding to the Second Circuit for further consideration in light of *Abbott*). As there is no issue in this case regarding any stacking of sentences under Section 924(c), or regarding any other mandatory minimum sentence imposed on Petitioner under any other provision of law directed to the conduct proscribed by Section 924(c), Petitioner has no basis to fashion any argument here for relief from his sentence.

11

Accordingly, for both procedural and substantive reasons, Petitioner cannot demonstrate that he is entitled to a writ of audita querela.

## CONCLUSION

For the foregoing reasons, I recommend that the Petition be DISMISSED in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing additional three days for service by mail). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, United States Courthouse, 40 Foley Square, Room 2104, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

If Petitioner does not have access to cases cited herein that are reported only on LEXIS, he may request copies from Respondents' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the *pro se* litigant with copies of [cases and other authorities cited therein

that are unpublished or reported exclusively on computerized databases] as are cited in a

decision of the Court and were not previously cited by any party.").

Dated: New York, New York
       May 3, 2013

                                        Respectfully submitted,


                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

Hon. Richard J. Sullivan, U.S.D.J.

Mr. Dong Qi Ming
No. 44837-054
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Respondent's counsel (via ECF)