UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-31-13

DONG QI MING,

       Petitioner,

-v-

UNITED STATES OF AMERICA,

       Respondent.

No. 09 Civ. 745 (RJS) (DF)

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

RICHARD J. SULLIVAN, District Judge:

  Dong Qi Ming ("Petitioner"), proceeding *pro se*, filed this petition for a writ of audita querela and/or error coram nobis, pursuant to 28 U.S.C. § 1651, concerning the sentence he received after pleading guilty to federal offenses in this Court. Specifically, Petitioner argues that, pursuant to the language of 18 U.S.C. § 924(c)(1)(a), the five-year prison sentence he received for violating 18 U.S.C. § 924(c) (use of a firearm) should have been ordered to run concurrent with, not consecutive to, his 20-year sentence for his violations of 18 U.S.C. § 1959(a)(5) (conspiracy to commit murder).

  Petitioner initiated this action by filing his Petition in December 2008. By Order dated January 27, 2009, this matter was referred to the Honorable Debra Freeman, Magistrate Judge. Briefing on the Petition was completed on July 19, 2009. On May 3, 2013, Judge Freeman issued a Report and Recommendation (the "Report") recommending that the Petition be denied. The Report concluded that Petitioner was not entitled to a writ of coram nobis because that writ only applies to petitioners no longer in custody, while Petitioner is currently incarcerated – or, at least has not satisfied his burden of demonstrating that he is no longer in custody. The Report

also held that Petitioner was not entitled to a write of audita querela because this remedy is not available to a defendant who, like Petitioner, voluntarily waived his right to challenge his sentence under 28 U.S.C. § 2555 as part of his plea agreement. Further, the Report addressed Petitioner's argument that the Second Circuit's decision in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), interpreting the language of 18 U.S.C. § 924(c), makes the sentence he received improper. The Report rejected Petitioner's argument because, *inter alia*, the holding in *Whitley* is actually inapplicable to the type of sentence imposed on Petitioner. In the Report, Judge Freeman also advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party has filed objections to the Report, and the time to do so has expired. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1993).

When no objections to a report and recommendation are made, the Court may adopt the report if there is no clear error on the face of the record. *Kapirulja v. United States*, 09 Civ. 4088 (RO), 2011 U.S. Dist. LEXIS 111896 (S.D.N.Y. Sept. 29, 2011); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). After reviewing the record, the Court finds that Judge Freeman's well-reasoned Report is not facially erroneous. Accordingly, the Court adopts the Report in its entirety and, for the reasons set forth therein, denies the Petition.

In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Moreover, as Petitioner's claims lack any arguable basis in law or fact, permission to proceed *in forma pauperis* on appeal is also denied. 28 U.S.C. § 1915(e)(2); *see*

*also In re Seimon*, 421 F.3d 167, 169 (2d Cir. 2005).  The Clerk of the Court is respectfully directed to terminate the case.

SO ORDERED.

Dated:    May 31, 2013
         New York, New York

                                                 RICHARD J. SULLIVAN
                                                 UNITED STATES DISTRICT JUDGE

A copy of this Order was sent to:

Dong Qi Ming
No. 44837-054
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ  08640

4